UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| OSMOTECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0713-JDT-TAB |
| | ) | |
| SPACE HARDWARE OPTIMIZATION TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| SPACE HARDWARE OPTIMIZATION TECHNOLOGY, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OSMOTECH, LLC, | ) | |
| | ) | |
| Counterclaim Defendant, and | ) | |
| | ) | |
| DRYTRONIC, INC., and PAUL FEMMER, | ) | |
| | ) | |
| Additional Counterclaim Defendants. | ) | |

**Entry on Motions to Strike Counterclaim, Motions to Sever, and/or Motions for Separate Trials as to Drytronic, Inc. and Paul Femmer (Doc. Nos. 17, 22)**[1]

On June 7, 2007, Defendant Space Hardware Optimization Technology, Inc. ("SHOT") amended its answer in this case, adding counterclaims for defamation, breach of contract, and misappropriation of trade secrets.  SHOT pleaded these counterclaims

---

[1] This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

not only against Plaintiff Osmotech, LLC ("Osmotech"), but also against counterclaim defendants Drytronic, Inc. ("Drytronic") and Paul Femmer ("Femmer"), who were not previously parties to this action.  On July 16, 2007, Osmotech moved to strike or sever for separate trial SHOT's counterclaims against Drytronic and Femmer, arguing that the addition of these parties was not permitted under Rule 14(a).  Two days later, Drytronic filed a similar motion seeking to strike or sever SHOT's counterclaims with respect to Drytronic.  SHOT has filed a consolidated response to both motions, and these motions are ripe for review.  The court now rules as follows.

**I.     Background**

This case began in Missouri state court with the filing of Osmotech's complaint (Doc. No. 2-3, at 8) seeking damages and injunctive relief against SHOT on a variety of theories, including breach of contract, misappropriation of trade secrets, fraud, and breach of implied covenant of good faith and fair dealing.  SHOT removed the case to the United States District Court for the Eastern District of Missouri, and on the consent of both parties, the case was transferred to the Southern District of Indiana.  (Doc. No. 2-18.)

This lawsuit is the product of a failed business relationship involving SHOT, an Indiana corporation engaged in the business of project design and construction, and Osmotech, a Georgia limited liability company engaged in the business of concrete waterproofing, restoration, and protection.  In early November 2005, either Jim Cherry, Business Development Manager for SHOT, or Eric Taylor, a mechanical engineer at

SHOT,[2] communicated with Femmer, President of both Osmotech and Drytronic (a Delaware corporation), regarding a possible meeting in Greenville, Indiana, to discuss SHOT's E-Seal electrophoretic surface treatment system and "the benefit that Osmotech can bring to the development of the hardware as well as the potential for OsmoTech in being able to utilize this technology to treat the variety of problems we have discussed with concrete and stone structures." (First Am. Pet., Doc. No. 2-3, at 9-10; Am. Answer & Countercl. ¶ 8.) The proposed Greenville meeting to discuss potential business teaming opportunities eventually took place, but only after the execution of an agreement that lies at the heart of this dispute.

Shortly before the Greenville meeting, on November 29, 2005, SHOT executed the Non-Disclosure Agreement (the "NDA"), which was intended to facilitate the parties' mutual exploration of potential teaming opportunities by prohibiting the unauthorized use or disclosure of proprietary information disclosed by either side during the course of their business dealings. Subsequent to SHOT's execution of the NDA but before the Greenville meeting, Osmotech also executed the NDA.[3] With the NDA in place to protect the parties' disclosures, in-person meetings between representatives of Osmotech and SHOT, including Femmer, Cherry, and Taylor, began with the Greenville meeting on December 5, 2005, and continued intermittently through December 31,

---

[2] Osmotech's complaint alleges that Cherry contacted Femmer to request a meeting, whereas SHOT's answer alleges that it was Taylor who communicated with Femmer. For purposes of this motion, this factual dispute is immaterial.

[3] It is worth noting that SHOT argues, alternatively, that Osmotech is not a party to the NDA and that Osmotech breached the NDA by disclosing and/or using SHOT's proprietary information in violation of the agreement. (Am. Answer & Countercl. ¶¶ 1, 21(a)-(l).)

2006.  The parties continued to discuss teaming opportunities through other forms of correspondence, including email, through March 5, 2007.  However, despite the parties' extensive discussions, they never reached an agreement to pursue any joint projects.

Each party (Osmotech and SHOT) alleges that, during the course of these meetings and other exchanges, it disclosed proprietary information and/or trade secrets, the use or disclosure of which was restricted by the NDA.  Osmotech alleges that SHOT violated the NDA and otherwise misappropriated its trade secrets by incorporating Osmotech's proprietary technology into its own technology, by seeking a patent application that relied upon Osmotech's proprietary information, and by using Osmotech's proprietary information to seek government contracts and funding.  Osmotech also alleges that SHOT misrepresented that it would assist Osmotech in obtaining government funding for certain projects, thereby inducing the disclosure of proprietary information, which SHOT then used to obtain government funding solely for its own benefit.

SHOT disputes many of Osmotech's material allegations and has asserted counterclaims against Osmotech, Drytronic, and Femmer for defamation, breach of the NDA, and misappropriation of its own trade secrets.  SHOT contends that Femmer, in his capacity as President of Osmotech and Drytronic, made false and defamatory statements concerning SHOT to representatives of Louisiana Tech University and the Army Corps of Engineers.  In addition, SHOT alleges that Drytronic was a party to the NDA, and that Osmotech and Drytronic breached the NDA by disclosing and/or using SHOT's proprietary information and trade secrets.  Finally, SHOT alleges that Femmer,

Osmotech, and Drytronic, through the actions of Femmer as President of both Osmotech and Drytronic, willfully misappropriated SHOT's trade secrets. SHOT seeks both damages and injunctive relief to prevent further disclosure or use of its proprietary information and trade secrets.

Osmotech has moved to strike or sever SHOT's counterclaims against Drytronic and Femmer, arguing that Rule 14(a) does not permit the addition of Drytronic and Femmer as counterclaim defendants. Drytronic has filed a similar motion seeking to strike or sever SHOT's counterclaims with respect to Drytronic, arguing that allowing SHOT's counterclaims against it would "expand Rule 14(a) to allow Shot to add any party to this lawsuit with whom they have a claim." (Mot. Strike Countercl., Doc. No. 22, at 2.) On August 3, 2007, SHOT filed its consolidated response in opposition to these motions (Doc. No. 26), arguing that Rule 14(a) is inapplicable and that its counterclaims against Drytronic and Femmer are permitted under Rules 13(h) and 20(a).

## II.   Discussion

Osmotech and Drytronic argue that SHOT's counterclaims against Drytronic and Femmer are not allowed under Rule 14(a), which permits a defendant, as a third-party plaintiff, to bring into the action as a third-party defendant "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). They point out that SHOT has not alleged that either Drytronic or Femmer is liable to SHOT for any portion of Osmotech's claims against SHOT; therefore, they argue, joinder under Rule 14 is

5

improper. In addition, they argue that even if Rule 14(a) allowed joinder, SHOT was required to obtain leave of court before joining these parties because the counterclaim was filed more than 10 days after the filing of the original answer. *See generally* Fed. R. Civ. P. 14(a) (requiring leave if the third-party plaintiff files the third-party complaint more than 10 days after serving the original answer).

SHOT concedes that it has not complied with Rule 14(a), but argues that this point is irrelevant, because Rule 13(h), not Rule 14(a), governs the permissibility of joining additional counterclaim defendants. SHOT acknowledges that its claims against Drytronic and Femmer are not impleader-type claims; rather, SHOT seeks to hold these parties accountable for their actions, in collaboration with Osmotech, in allegedly defaming SHOT, breaching the NDA, and misappropriating SHOT's trade secrets. Therefore, SHOT directs the court to Rule 13(h), which permits the joinder of additional counterclaim defendants where the requirements of Rules 19 or 20 are met. *See generally* Fed. R. Civ. P. 13(h) ("Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.")

SHOT properly points out that Rule 14(a) delineates only the scope of a defendant's power to implead third parties; that is, Rule 14(a) applies only where the defendant, as third-party plaintiff, seeks to bring in a third-party defendant who "may be liable to the third-party plaintiff for part or all of the damages claimed by the original plaintiff." *Turk v. United States*, No. S92-307M, 1993 WL 497785, at *5 (N.D. Ind. Sept. 17, 1993) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1434, at 267-

268 (1990)).  Although Rule 13(h) is often confused with Rule 14(a), the two rules are "quite different in purpose and effect"; the former authorizes joinder of parties who are added simultaneously with the assertion of counterclaims against them, whereas the latter is solely an impleader provision.  *Id.*  Because SHOT is pursuing counterclaims, rather than impleader-type claims, against Drytronic and Femmer, Rule 13(h) governs the permissibility of the joinder of these counterclaim defendants.

As previously noted, Rule 13(h) allows the assertion of a counterclaim against one not a party to the original action where joinder would be appropriate under either Rule 19 or Rule 20.  Fed. R. Civ. P. 13(h); *see also Armament Sys. & Procedures, Inc. v. Emissive Energy Corp.*, No. 06-C-833, 2007 WL 2572304, at *1-2 (E.D. Wis. Sept. 5, 2007) (evaluating permissibility of joining additional counterclaim defendant under Rule 20(a)).  SHOT argues that joinder of Drytronic and Femmer is proper because SHOT's claims against those counterclaim defendants arise from "the same . . . series of transactions or occurrences" as the counterclaim against Osmotech and because these counterclaims involve questions of law or fact common to all counterclaim defendants.  *See* Fed. R. Civ. P. 20(a) ("All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").

Thus, the question is whether SHOT's counterclaims against Drytronic and Femmer arise from the same series of transactions or occurrences as the counterclaims

against Osmotech and involve questions of law or fact common to all Defendants.  In this case, it is not a close call; SHOT's counterclaims against Drytronic and Femmer arise from precisely the same facts and involve many of the same questions of law as the counterclaims against Osmotech.  Femmer's role as President of both Drytronic and Osmotech serves to link the three parties together.  SHOT's relevant allegations include the following: (1) that Femmer, Drytronic, and Osmotech jointly defamed SHOT and misappropriated SHOT's trade secrets through Femmer's actions as President of both Drytronic and Osmotech; and (2) that Drytronic and Osmotech breached the NDA through use or disclosure of SHOT's proprietary information, which was obtained through Femmer's business dealings with SHOT.  These claims both arise from the same series of transactions or occurrences and involve common questions of law and fact.  In short, joinder is not only permissible here, but strongly desirable.

Unlike Rule 14(a), Rule 13(h) does not require leave of court if the defendant wishes to bring in new counterclaim defendants more than 10 days after the filing of the original answer.  The court declines to read such a requirement into Rule 13(h), and therefore, the court also rejects the argument that SHOT was required to obtain leave of court before adding the counterclaim defendants.[4]

---

[4] It is also worth noting, in conclusion, that the court has given consideration to the question of subject matter jurisdiction, and it appears to exist at this time. (*See* Supplemental Stmt. Subject-Matter Jurisdiction, Doc. No. 36.)  The court will revisit this topic as the parties move through the discovery process to ensure that complete diversity of citizenship exists.

**III.     Conclusion**

For the foregoing reasons, Osmotech's and Drytronic's Motions to Strike Counterclaim, to Sever, and/or for Separate Trials as to Drytronic, Inc. and Paul Femmer (Doc. Nos. 17, 22) are **DENIED.**

ALL OF WHICH IS ENTERED this 28th day of November 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Tim A. Baker

William M. Corrigan Jr.
ARMSTRONG TEASDALE, LLP
One Metropolitan Square
Suite 2600
St. Louis, MO 63102-2740

Brent D. Taylor
BAKER & DANIELS
bdtaylor@bakerd.com

Thomas W. Dietrich
tdietrich1011@charter.net

Glen S. Gammill
ggammill@coppertitle.com

Emily Claire Paavola
BAKER & DANIELS
emily.paavola@bakerd.com

Jeffrey L. Schultz
ARMSTRONG TEASDALE, LLP
One Metropolitan Square
Suite 2600
St. Louis, MO 63102-2740